# IN THE COURT OF APPEALS OF IOWA

No. 20-0966

Filed July 21, 2021

**ERIC BONITA PEPPERS,**

Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**

Defendant-Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Chad Kepros,
Judge.

Eric Peppers appeals the dismissal of his application for postconviction
relief on statute-of-limitations grounds. **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney
General, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

In June 2000, sentence was imposed upon Eric Peppers's convictions of second-degree sexual abuse, domestic abuse assault while displaying a weapon, and false imprisonment. On direct appeal, Peppers argued, among other things, his trial counsel was ineffective in failing to file a motion to dismiss for violation of his speedy-trial rights; we affirmed but preserved the speedy-trial claim for postconviction relief (PCR). *See generally State v. Peppers*, No. 00-283, 2001 WL 810740 (Iowa Ct. App. July 18, 2001). Procedendo issued in November 2001.

In April 2002, Peppers filed his first PCR application, repeating his speedy-trial claim. The claim was not developed, the court found it waived, and Peppers's application was dismissed. The issue was also not raised on appeal, and we affirmed. *See generally Peppers v. State*, No. 07-0865, 2008 WL 2042504 (Iowa Ct. App. May 14, 2008). Procedendo issued in July 2008.

Peppers filed his second PCR application in January 2012, in which he reprised his speedy-trial claim and alleged first PCR counsel was ineffective in handling the issue. The State moved for dismissal on statute-of-limitations grounds. The court found the argument was available to each of Peppers's prior attorneys within the limitations period and did not amount to a new ground of fact or law sufficient to toll the statute of limitations. The court dismissed the application. On appeal, we considered Peppers's contentions that his "speedy trial rights were violated and his first [PCR] attorney was ineffective in failing to raise the claim." *Peppers v. State*, No. 12-1197, 2013 WL 6116815, at *1 (Iowa Ct. App. Nov. 13, 2013). We affirmed, concluding "[t]he fact that Perppers['s] [PCR] counsel

did not pursue the issue was a matter Peppers could have taken up with him at the time," "[h]e elected not to do so," so he could not "revive the speedy trial issue by belatedly repackaging it as an ineffective-assistance-of-counsel claim." *Id.* at *2.

Peppers filed his third application in November 2014, again raising the speedy-trial argument. The State moved for summary disposition. The court dismissed the application, concluding Peppers failed to present a ground of fact or law that would except him from the statute of limitations. We affirmed the dismissal of his application as untimely. *See generally Peppers v. State*, No. 16-0715, 2017 WL 1400877 (Iowa Ct. App. Apr. 19, 2017).

Peppers filed the application precipitating this appeal, his fourth, in June 2019, alleging: (1) ineffective assistance of PCR counsel under *Allison v. State*[1] and (2) newly discovered evidence based on victim recantation. As to the former claim, he argued his first PCR attorney was ineffective in "dropping the ball" on his speedy-trial claim. In his amended application, he asserted *Allison* amounts to a change in the law excepting him from the statute of limitations. In its answer, the State argued the speedy-trial claim was already subject to final adjudication and the claim was time-barred. In his resistance to the State's motion for summary

---

[1] *See* 914 N.W.2d 866, 891 (Iowa 2018) (holding that where a timely application is filed within the statute of limitations alleging ineffective assistance of trial counsel, the filing of a successive application that alleges ineffective assistance of postconviction-relief counsel in presenting the ineffective-assistance-of-trial-counsel claim, the filing of the second application relates back to the time of the filing of the original application so long as the successive application is filed promptly after the conclusion of the original action); *see also* Iowa Code § 822.3 (2019) (noting "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

disposition, Peppers argued *Allison's* purported status as a change in the law entitled him to three years after that decision to raise his claim. The court dismissed the application, concluding Peppers's application was not "promptly" filed within the meaning of *Allison* and was therefore time-barred.

Peppers appeals.

Appellate review of PCR proceedings is typically for correction of errors at law, but where claims of ineffective assistance of counsel are forwarded, our review is de novo. *See Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017).

On appeal, Peppers argues "*Allison* constituted a change in the law which restarted [his] three-year statute of limitations." While the State does not stress the point, we do not believe error was preserved on this specific argument, as the court did not specifically rule upon the question of whether *Allison* amounts to a new ground of law sufficient to restart the statute of limitations upon its issuance, it only addressed whether Peppers's situation falls within *Allison's* parameters for promptness. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))); *see also Top of Iowa Co-op v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) (noting interests protected by error preservation rules allow appellate courts to consider error preservation sua sponte). The proper procedure to preserve error was to file

a motion raising the court's failure to decide the issue prior to appealing. *See Lamasters*, 821 N.W.2d at 863. In an abundance of caution, however, we will address the merits.

*Allison*, by its own terms does not support Peppers's claim. To begin, the *Allison* court specifically ruled successive PCR applications are timely if filed "promptly" after the conclusion of the *original* PCR action. 914 N.W.2d at 891. *Allison* considered whether the statute of limitations "applies where a [PCR] petitioner files an untimely *second* application for PCR, alleging counsel for his timely filed first petition for PCR was ineffective." *Id.* at 867–68 (emphasis added). The court only held a

> successive PCR petition alleging [first PCR] counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the *second* PCR petition relates back to the timing of the filing of the original PCR petition . . . if the successive PCR petition is filed *promptly* after the conclusion of the first PCR action.

*Id.* at 891 (emphasis added). The court later reiterated the *Allison* relation-back doctrine applies "when an applicant alleges in a *second* PCR proceeding brought outside the three-year time frame that the attorney in the first PCR proceeding was ineffective in presenting the same claim was raised in the *second* proceeding." *Goode v. State*, 920 N.W.2d 520, 525 (Iowa 2018) (emphasis added). Based on *Allison's* own language, we have consistently denied relief when a third or subsequent application is involved. *Moon v. State*, No. 19-2037, 2021 WL 610195, at *4 (Iowa Ct. App. Feb. 17, 2021) (collecting cases), *further review denied* (Apr. 12, 2021).

So does the plain language of *Allison* save Peppers from the statute of limitations? We answer that question in the negative. First, this is his fourth application, not his second. *See id.* Even if *Allison* applies to third or subsequent applications, procedendo on Peppers's first application issued in 2008, and the application now before us was not filed until about ten years later. That is not prompt, nor were his second and third applications, filed in 2012 and 2014, respectively. *See, e.g.*, *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019) (noting a gap in the neighborhood of six months does not meet the definition of prompt); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly").

So we turn to Peppers's claim that he had three years after the *Allison* decision to file a timely PCR application. Again, *Allison's* plain language does not support this claim, as it is only "[u]pon the conclusion of the first action [that] the three-year statute of limitations commences to run again." *Allison*, 914 N.W.2d at 891. Even if the clock did restart when the *Allison* decision issued, as noted, *Allison* does not apply to third or subsequent applications.

We affirm the denial of Peppers's PCR application. [2]

**AFFIRMED.**

---

[2] We note section 822.3 was amended, effective July 1, 2019, after the filing of Peppers's application but before judgment thereon was entered, to arguably overrule *Allison* outright, to provide: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3 (Supp. 2019)). The supreme court has ruled "statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered." *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) (citation omitted). The State notes we do not need to decide the amendment's applicability because Peppers cannot prevail under the current or former statute. Because we agree Peppers's situation does not fall within the confines of *Allison*, we need not address the amendment's applicability. *See Palmer v. State*, No. 19-1487, 2021 WL 811161, at *1 n.1 (Iowa Ct. App. Mar. 3, 2021) (noting ruling was filed after effective date of amendment but not addressing it based on agreement with district court that *Allison* did not save the application); *Moon*, 2021 WL 610195, at *4 n.6 ("This amendment appears to abrogate *Allison*, although it is not yet clear what PCR applications the amended legislation applies to."); *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (finding it unnecessary to address the amendment's applicability because application was time-barred under either the prior or new version of the statute).